COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-03-202-CR
 
EX PARTE CHARLES JAMES PULTE 
 
------------
 
FROM THE 
235TH DISTRICT COURT OF COOKE COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        The trial court denied Appellant Charles James Pulte’s request for bond 
reduction, and Appellant appeals, claiming in three points that the trial court 
abused its discretion in violation of the Eighth and Fourteenth Amendments to 
the United States Constitution, article 13, sections 1, 11, 13, and 19 of the 
Texas Constitution, and articles 1.07, 1.09, and 17.15 of the Texas Code of 
Criminal Procedure. We affirm the trial court’s judgment. 
        Appellant was charged with the misdemeanor offense of terroristic threat 
against Tim Klements and the felony offense of stalking against John Schmitz 
in January 2003. He made bond in each case during that month. After he was 
released on bond, he purchased another nine millimeter handgun because the 
police had taken his nine millimeter handgun. Less than three months after his 
release on bond, and while the above charges remained pending, Appellant was 
arrested on two charges of solicitation to commit capital murder. John 
Schmitz, the complainant in the stalking case, was the target in one of the 
solicitation cases. Bail was set at $1,000,000 in each of the new cases. 
        On the same day that the grand jury indicted Appellant in both solicitation 
of capital murder cases, the trial court held a hearing on Appellant’s application 
to reduce bail. Appellant testified that he had sold his business in January of 
2000 for $437,000. He claimed that some of the funds from the sale of his 
business had been used to pay his lawyers, but he would not or could not 
account for the whereabouts of the remaining money. He also testified that he 
had rental income of about $1,500 dollars per month and approximately $1,050 
per month in disability income. Appellant testified that he owned several pieces 
of real estate subject to mortgages of approximately $80,000. He admitted to 
owning more than one vehicle, recreational vehicles, and a coin collection. He 
also conceded that he had more than $10,000 in cash in a Waterhouse 
account, in excess of $9,000 in one bank account, and an unknown amount in 
a second bank account. Despite these assets, Appellant claimed that he could 
only raise $10,000 toward bail. Appellant did not testify or offer any other 
evidence that he had attempted but failed to secure bonds or that he had even 
spoken with a bondsman. He testified that he believed bondsmen wanted 
about fifteen percent of the bond amount, but never testified to the amount of 
bail he believed he could make. Not surprisingly, the trial court reacted to the 
testimony by stating, “I don’t really feel like [Appellant’s] been forthcoming 
with the Court about his ability to make bail.” 
        We apply an abuse of discretion standard in reviewing the trial court’s 
decision to refuse to reduce bail. 
 

 In determining whether the trial court abused 
its discretion, we must determine whether the trial court set bail in an amount
to assure that the defendant will appear for trial while not setting a bail that is
merely oppressive, keeping in mind the safety of alleged victims and the
community.
 

 Bail must not be used as a tool of oppression. 
 

 In making our 
determination, we consider such factors as the nature and circumstances of the
offense, the defendant’s prior criminal record, the defendant’s ability to make
bail, the safety of any victims, and community ties including employment,
family, non-liquid assets in the community, and length of residence.
 

 It is the 
defendant’s burden to prove that bail is excessive.
 

 A defendant who is facing 
very serious charges for multiple offenses and the possibility of a lengthy
sentence, either because of the offenses or because of his criminal record, and
who has failed to comply with previous bond conditions, will be subject to a
substantially higher bail amount to guarantee his appearance in court.
 

 
        The record shows that Appellant faces the possibility of two life 
sentences.
 

 After he was released on bond in the pending stalking and 
terroristic threat cases, Appellant purchased a nine millimeter handgun. While
he was out on that bond, he was alleged to have committed the two solicitation
offenses. The record also reflects that Appellant has a history of erratic and
violent behavior.
        The record indicates substantial assets and a disturbing lack of candor 
with the trial court. Although Appellant has two grown children and a brother 
in Cooke County and has lived in the county for a substantial length of time, he 
testified that he rarely sees his children. Although he owns real estate in the 
county, he sold his business, and his income does not depend upon his 
remaining in Cooke County. Additionally, Appellant has a timeshare interest in 
real estate in Colorado, although there is no indication that he purchased this 
out-of-state interest for the purpose of moving away. 
        Weighing the evidence in light of the appropriate criteria, we cannot say 
that the trial court abused its discretion in setting and keeping the bail at 
$1,000,000 in each case. Appellant has not shown that he has attempted to 
make bail and was unable to, nor has he shown that he even contacted a bail 
bondsman.
        Because we hold that the trial court did not abuse its discretion, we 
overrule Appellant’s three points on appeal and affirm the trial court’s judgment. 
 
 
                                                                  PER CURIAM 

PANEL B:   LIVINGSTON, DAUPHINOT, and HOLMAN, JJ. 
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: NOVEMBER 13, 2003